ILLINOIS EMERGENCY RELIEF COMMISSION, No. 34.

JOHN W. SMITH, Claimant *vs.* ILLINOIS EMERGENCY RELIEF COMMISSION, Respondent.

*Opinion filed December 20, 1938.*

846

848

ADVISORY OPINION BY MR. JUSTICE YANTIS.

*To the Illinois Emergency Relief Commission:*

Pursuant to your request for an Advisory Opinion, based upon the attached statement of facts submitted by you, in the above matter, an Advisory Opinion is hereby rendered, based upon said statement:

Such statement of facts contains the usual recital as to the creation of said Illinois Emergency Relief Commission, and of the powers and duties; also an account of the departments organized and created within itself and of the various activities carried on pursuant thereto. Claimant, John W. Smith, is shown to have been an employee of said Commission, assigned to work at the Will County Emergency Relief Office at 410 N. Ottawa Street, Joliet, Illinois, as a janitor. His duties were to fire and to take care of two boilers and to assist with the general maintenance work throughout the building. On February 6, 1935, while the employee was making certain repairs on a ventilating door at the grade level of the building, a derrick which was attached at the side of the ventilator and used for hoisting ashes and debris from the basement to the street, gave way and the employee was pitched fifteen feet to the concrete floor of the basement. He was knocked unconscious and had bleeding and hemorrhage from the nose and mouth. The Relief Administrator for the County was immediately notified and called an ambulance and arranged for the patient's admission to St. Joseph's Hospital in Joliet, where he received treatment until the 15th day of February, 1935. He thereafter remained under the care of Dr. Raymond Brown, an eye specialist, who was called into the case at the hospital, until the 5th day of May, 1935. Claimant had two children under the age of sixteen years at the time of the accident, and the statement discloses that his hospital and medical bills in the sum of One Hundred Twelve and 50/100 ($112.50) Dollars have been paid by the Will County Emergency Relief Commission; that he claims temporary total disability for a period of sixteen (16) weeks and has a claim pending in this court entitled *J. W. Smith* vs. *State of Illinois,* C. of C., No. 2718; further, that claimant through his Attorney has agreed to accept Fifty ($50.00) Dollars as settlement in full for any sums due him growing out of said accident. The statement does not disclose at what

850

wages he was employed, but on the settlement proposed the amount to be paid him would be within the minimum basis of Seven and 50/100 ($7.50) Dollars per week, so the wage rate is immaterial.

From a consideration of the statement we find that same discloses that at the time of the accident both employer and employee were operating under and bound by the provisions of the Workmen's Compensation Act; that claimant's accident arose out of and in the course of his employment; that notice and demand for compensation were made within the requirements of said Act; that the proposed settlement of Fifty ($50.00) Dollars is within the limit to which claimant would be entitled under the terms of said Act for temporary total disability as shown herein. We are therefore of the opinion that settlement with claimant is proper in the sum of Fifty ($50.00) Dollars, in full satisfaction of all demands arising out of the accident in question. In making settlement the following conditions should be observed: First, that the claim of *J. W. Smith* vs. *State of Illinois,* C. of C., No. 2718, now pending in the Court of Claims should be dismissed and Second, that payment of the above compensation shall be made by the Illinois Emergency Relief Commission out of any funds held by it and allocated for the payment of such claims.